UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN RE:     TENNESSEE VALLEY BUILDERS, LLC

        DEBTOR(S)        CASE NO. 3:20-bk-30003-SHB
                                 CHAPTER 7

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Notice is hereby given that:

Pursuant to E.D. Bankr. LBR 9013-1(h), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the court at 800 Market Street, Howard H. Baker, Jr. United States Courthouse, Suite 330, Knoxville, Tennessee 37902, an objection within twenty-one (21) days from the date this paper was filed and serve a copy on Ann Mostoller, 136 South Illinois Avenue, Suite 104, Oak Ridge, Tennessee 37830 or by electronic service to bdavis@msw-law.com. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

## MOTION TO APPROVE COMPROMISE

The Motion of Ann Mostoller, Trustee, respectfully alleges:

1.    Movant is the duly qualified and acting Trustee in this case.

2.    The Trustee alleges that on or about December 31, 2019 the debtor delivered a cashier's check in the amount of $9,400.00 to Anderson Lumber, which cashier's check was never cashed. Noted on the face of the check was a limitation that the check would void after ninety (90) days. Anderson Lumber has now turned that cashier's check over to the Trustee. Simmons Bank asserts that it has a right of set off on the funds; the Trustee asserts that the tender of the cashier's check constitutes an avoidable transfer.

      3.      Simmons Bank has agreed to accept one-half of the value of the check and the Trustee would likewise propose to accept one-half of the value of the check as a compromise settlement, to be paid in full upon entry of this Order approving compromise.

      4.      Movant believes said settlement is fair and reasonable and in the best interest of the estate and should be approved by the Court.

WHEREFORE, Movant prays that the Court approve the above-described compromise.

DATED September 24, 2020.

                    s/ Ann Mostoller
                    Ann Mostoller, #001146
                    Attorney for Trustee
                    Mostoller, Stulberg, Whitfield & Allen
                    136 South Illinois Avenue, Suite 104
                    Oak Ridge, TN 37830
                    (865) 482-4466
                    bdavis@msw-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2020, a true and exact copy of the foregoing Motion to Compromise and proposed order was filed electronically. Notice of this filing will be sent to the following parties as indicated below:

**Via Electronic/ECF Mail**
Tiffany DiIorio, Attorney for United States Trustee; ECF
Lynn Tarpy, Attorney for Debtor(s); ECF
All parties indicated on the Court's electronic filing receipt

**Via US Regular Mail**
All Parties as shown on the list attached hereto as an exhibit

                    s/ Ann Mostoller
                    Attorney